Final case on our call today is in re the Commitment of Benjamin Hernandez people of the state of Illinois versus Benjamin Hernandez just let the motion slip down for just a moment counsel you may proceed thank you your honor good morning your honor counsel may please the court assistant attorney general Garson Fisher for the people because they meet the public interest exception to the mootness doctrine this court should consider the issues on which it granted a PLA in this case first whether a commitment let's just stop there for a minute counsel there there's no dispute that this is moot right correct your honor and is there a the due process rights of a are you asking about in the specific case or in the general interest of public interest this case well yes writ large and that the the SVP is now confined to the treatment of detention facility yeah but internally better to address it in light of the public interest exception yes your honor and that's one of the one of the issues of public importance that is raised that that was raised and on which PLA was granted deals with the the process by which the state commits or releases a sexually violent person and that implicates both concerns of public safety as well as the due process of law involved when depriving an individual of his liberty and the second question whether 303 a1 would act as a safe harbor if the people mistakenly filed a premature notice of appeal more broadly addresses the appellate courts jurisdiction to consider the merits of cases of public importance such as this one where the concerns underlying narrow jurisdictional rules are not present and the court need look no further than the concurrence below to see how important the state judiciary believes that issue is in in addressing the the jurisdiction it has to consider these cases there are no conflicts on this issue before the court right in the appellate court I am no your honor the only interpretation of 303 a1 that I am familiar with is the second district interpreting the Kate the rule much more narrowly than than the federal courts have have interpreted the rule that that this court mirrored in drafting 303 how would as I understand your argument on the merits how would we be able to determine when a party has a reasonable belief that an order is final your honor I think the the guidance of first year in interpreting for a two is is useful here there the the question is is whether the aptly would be prejudiced by surprise that the notice of appeal was was given effect whether and whether the the the if assuming that this is an erroneously premature notice of whether the remaining issues have been addressed before the matter did get to the appellate court on to give a sense of how broadly the drafters of 482 appear to be drafting that rule on first year talks about some of the cases that that the the committee notes reference in drafting for a two and in those cases there was a decision that disposed of some of but clearly did not dispose of all of the claims in a case and when those those appeals got to the appellate courts there still was no judgment dealing with the remaining claims the appellate courts at that point said we don't have jurisdiction but they held that the notice of appeal in those cases would relate forward to the judgment at the time that it was issued and that they would then have a good notice of appeal to come back to the appellate court so this the does the state really want a rule from this court that says that to apply every time a criminal defendant reasonably believes an order is final is that really the pronouncement you want from this court that it's based on the reasonable belief well your honor I think where where there is no prejudice claimed or evident from the record where the all of the matters that might be subject to review by the court where there is in fact a final judgment dealing with the remaining with the remaining claims or issues that yes under the safe harbor provision the courts should have the authority to review the merits of those of those claims there are circumstances where I mean that the courts have discussed frequently that the situations where narrow jurisdictional rules are important because of concerns such as surprise to the appellee or in the case of a late notice of appeal its interest in finality and so forth but this is a case where where none of those interests in in narrow jurisdictional rules are present there there is no surprise claimed or evident in fact neither party recognized the jurisdictional the possible jurisdictional defect in this case and the people's position remains that in fact the commitment order under section 40 even when that commitment is to conditional release is the final unappealable order in an SVP in an SVP case counsel on that point at the second hearing the conditional release hearing could the trial court change the disposition there is no indication either in the statute or in the ruling in this case that there was any possibility that the commitment to conditional release was still up for dispute so the court couldn't reconsider that in looking at the alternatives and say yeah I don't like these I don't like these options let's not release this not not under the stat section 40 of the act your honor I think the respondent points to the the reference to an initial commitment order the the word initial doesn't suggest that the court is going to reconsider its commitment order under under section 40 during under any ongoing proceeding under that section of the act with the word initial highlights is the fact that in the SVP context regardless of which order is deemed final for purposes of appellate review the trial court always has ongoing proceedings because the adjudication disposition orders are both subject to mandatory periodic reexamination under section 55 so regardless of which order is deemed final as this court is well aware often the appeal from the adjudication and disposition is ongoing in in the appellate court system even as the trial court is conducting mandatory periodic review could the state have enforced the I think this also will yes your honor and I will elaborate by to say in the context of the way that that first year says a decision that would have been final had a judgment immediately followed if the court issued a commitment order could the state enforce July 3rd order without the second order I'm perhaps struggling with with the question could the state enforce I think the respondent if the if the state had not prepared a conditional release plan within 60 days the respondent would have been entitled to seek and a misrelief compelling the state to to produce a conditional release plan which I believe would constitute enforcement of the July 3rd order so in that sense this is an order that if a judgment had immediately followed if the court had said defendant is to be conditionally released and this ends proceedings and issued a judgment at that point that that would well would would not comply necessarily with the way the statute seems to read would unquestionably be a final appealable and enforceable order and the enforcement of that order would be the preparation within 60 days of a plan to enact the court's judgment that the defendant is the respondent is entitled to the July 3rd order was yes your honor that is that's the people's position was on a July order was the defendant released on that date could he have been no your honor that it was still necessary to prepare a plan to to enact his conditional release at that point so how is that a final order the right that's being adjudicated is whether or not he will be confined to a secure facility or grant his conditional release the only order directing the state to conditionally release him is the July 3rd order so necessary for the state at that point to prepare a plan to enact that judgment but that's the only order directing the state to when a court instructs that a defendant is to be released on probation they will sometimes leave to the discretion of the probation officer certain specifics of the terms of that probation and and the officer prepares those terms and those terms are are subject to review by the court either a motion of either party or the court's own action even after the final an appealable order in that case granting probation is issued but in that context when the court orders the defendant released on probation he's released probation officer can't say go back to jail correct your honor I'm not intending to imply that they are identical situations one is obviously a criminal context and this is a civil but but I think the analogy is useful so what's the harm I guess to the state or what's the danger to the public if we say that the fine that you have to wait until the dispositional order is entered before you appeal well first I believe that the that that the order granting conditional release under the terms of the statute is the the the dispositional order but it's not if there is a resources in preparation of a conditional release plan but it's mostly just a question of under the this court's precedent that where the ultimate rights being adjudicated have been decided that that is the final and appealable order that the commitment order that the commitment order should be viewed as as the final order there is there is concern about the resources involved in determining where a defendant would live where he would receive treatment and so on and so forth in a case where it was actually inappropriate in a violation of the court's discretion to grant conditional release at all this case sort of highlights that as the respondent himself points out some of the statutory factors that the courts directed to to consider in granting conditional release there was absolutely no evidence in the that those could be satisfied on conditional release a proper place to receive treatment a proper place to live a proper play way to earn a living and make his own way in the world and so preparing a conditional release plan under those circumstances when in fact it was an abuse of the court's discretion as people are you below to grant conditional release at all is a burden on the state so you're saying that if assuming that you're correct and the final orders when the court said this defendant will be conditionally released prepare the final and it's appealed then his his release is stayed pending appeal correction and that's why so it delays his release and will delay his release there are circumstances in which relief for example that that might come from an appellate court is stayed while this court reviews it further that's not a unique or or unheard of circumstance for appellate review and and I think clearly in this circumstance where the where the harm or the risk of harm of enforcing a dispositional judgment of conditional release that is so erroneous as to be an abuse of discretion is is certainly high enough to to cut to warrant to stay under those circumstances like you to clarify this if I understand correctly when the July 3 order was entered this in the respondent was not released it would not be released until the conditions or the plan was implemented is that correct that is correct John so to follow up on that order at that time was enforcing the state to prepare the plan correction and until the plan was adopted or approved by the court then if the respondent violated the plan then he could be violated or placed back in custody correct your honor the statute sets a time limit on how long the state has to prepare that plan and so there's no question of sort of an indefinite you know wait for for his conditional release once the court orders his conditional release and and leaving out of the equation for the moment the question of an appeal taken from that order once the court orders his conditional release the process has started running that will end with him just requires time for the state to come up with a plan that the court can look at and say yes this complies with all of the statutory requirements that are in place both to protect the public and to ensure that the that the respondent is going to receive the care he needs you at least intimated that there might be conditions that could not be fulfilled would that lead to another hearing on the judge's order granting the conditional release no your honor I think it at that point that that's the condition circumstances under which you have a conditional release order that is an abuse of discretion where where the court has not considered the factors that is required to consider and and the review is by appeal the people in this case did file a motion to reconsider the you know the the the absence of proper care for respondents outside of of the Rushville secured treatment detention facility and and lost on the the motion to reconsider so the Kate the issues have been fully litigated at that point and a judgment's been been made on on that fundamental right that's being adjudicated in in the SVP context but even two people were incorrect in their conclusion that the section 40 commitment order granting conditional release was a final order rule 303 a1 should act to relate the notice of appeal forward to September 21st when the court approved the conditional release plan the the respondent points to two subsequent cases that that followed first year and says that that they demonstrate that first year actually doesn't apply for a to any more broadly than the second district deployed applied 303 a1 in this case and that's not that that's simply not the fact that first year explicitly applies for a to to certain non-final decisions whereas the second district in this case explicitly said that 303 a1 should only apply to a final decision prior to the to it being reduced to writing and the decision in this case would have been covered by first year in the way that that first-year analyzed for a to the decision at issue in first year on the other hand would not have been covered by the second district interpretation of 303 a1 remain for interpretation or determination rather by the court in in in first year was no less significant than what the court had remaining to do following the July 3rd order the court's findings of fact and law in that case had not been developed and were subject to dispute by the parties at the time first-year file this notice of appeal so your honor asked earlier if if the inability to prepare a conditional release plan might result in the disposition being reconsidered I think that is less or is more definite that the conditional releases have been granted then then the outcome of the case in first year when the parties in court were still the beauty disputing findings of law in fact that were necessary to underlie the court's decision in that case but the court held that first year's notice of appeal should relate forward to the date of the final order and and the fact that the notice of appeal simply relates forward as opposed to the non final decision becoming appealable should ease respondents concern that the application of the rule would in his words obliterate the limit of appellate appeals or any new appeals at all it merely allows a certain premature notice of appeal to relate forward to the date of the final judgment and the application of this rule would not create excessive new appellate litigation there's no question that some litigation would then focus on the question of the reasonableness of a party's incorrect belief that a decision was final but that kind of determination is not foreign to the appellate courts and would be no more prevalent than the current litigation that focuses on whether a decision was in fact final the main effect of the state's proposed rule would be to ensure that important cases like this one don't evade review on the merits where cases exist that the the basis for narrow jurisdictional rules are not present thank you may it please the court counsel my name is Douglas McMyer and together with my colleagues in general block we represent represent the respondent appellee in this case mr. Benjamin Hernandez essentially before the court are two questions first whether this court should review an otherwise moot appeal under the public interest exception to the mootness doctrine the respondent respectfully suggests the answer to that question is no if this court disagrees it would then have the opportunity to reach the second question and address the merits on this of this case on the merits this court should affirm the second district's ruling because the July 3 order was a non-final non appealable ruling and the nothing in the text of rule 303 would save the state's otherwise premature appeal before addressing the merits of my argument I first want to take a moment and address a few of the points that were brought up during the state's case justice Thomas is correct in that there is no liberty interest at stake in this case there is no constitutional right to be vindicated the question before this court is solely a question of procedure no one will be released from incarceration nobody will even be released from custody and the broad interpretation of how rule of 303 should be interpreted while perhaps a question of a public nature is not a question of a substantial public nature akin to whether or not parents can refuse life-saving treatment for their child or akin to the procedures by which someone is involuntarily receives medication there is no conflict of law in this case rule 303 rule 4 from the federal from the federal system the second district's appeal the second district's ruling and all the federal rulings interpreting rule 4a are completely consistent to allow the state's reasoning would be to engraft a reasonably believed in a judge uttered a an order was final no court has ever engrafted such a broad-based safety net into the into any appellate courts jurisdiction moreover the reasonableness standard should not be used in this case because it would it would make this the appellate courts a trier in the first instance of whether or not a party's belief was or was not reasonable finally with regard to the July 3 order the July 3 order was not final it was it was not appealable because it absolutely could be modified at September 21 council could could the judge have ordered the defendant detained or restrained or put in a confined area I'm at the dispositional hearing and later absolutely the statute of the section about persons act actually says that the court the approval for the statute is the key issue that I feel the state is overlooking because it's not simply a rubber stamp that DHS presents a plan to the court and this court says yep fine signs it and we're done in fact both the second district and the third district have held that the court is able to impose goals and objectives on the treatment and while the court can't reach into DHS and say you're going to place this person in this specific facility the court can note that these types of things need to be treated the motion for reconsideration and the transcript of what transpired on that day underscores the fact that the July 3 order wasn't final at the moat at the state's motion for reconsideration this trial court specifically noted the difficulty in crafting a plan for someone with mr. Hernandez's unique circuit under sinister in his unique circumstances and the court stated the though it didn't necessarily mean to interfere with a type of plan that DHS presented and nonetheless had conditions that it wanted to ensure were placed in that plan therefore both parties were on notice of the significant importance of the July 3 order excuse me of the September 21 order and what the plan and the details that that plan would entail turning them to the substance of my arguments just briefly this the court should not extend jurisdiction in this case into the public interest exception because the public interest exception has traditionally been limited to cases where there is a substantial liberty interest at stake because there is no substantial liberties interest stake it doesn't the public interest exception is applicable in this case moreover the three elements of this court traditionally looks to the question of a substantial public nature a need for authoritative guidance and the likelihood that the question will recur are also in an app inapplicable or an absent in this case the state's only citation to the idea that this issue is likely to recur is the motion for supervisory order that this court is currently holding in the case of lawyer v Burke however looking to the materials and lawyer v Burke the question lawyer v Burke is a question of statutory interpretation under section 35 G and a separation of powers argument in terms of whether the General Assembly is able to make something appealable on an interlocutory basis absent this court giving direction saying that it isn't appealable interlocutory ruling that question is presented by this case sub lawyer v Burke is not a case that's on point with this issue the July 3 order was not a final order as it best it intention to place mr. Hernandez on conditional release in the future but that replacement was conditioned upon the presentment and acceptance of the DHS plan the July 3 order established three things and three things only it ordered DHS to prepare a plan that would need to be presented to the court it set a hearing date for that presentation and it ordered Department of Human Services to transport mr. Hernandez to that next hearing all three of those factors indicate that the quarter was non-final than mr. Hernandez was still in custody and that the court was retaining jurisdiction of the matter the United States Supreme Court has defined a final order as an order by which a court disassociates itself from a case while this court has never adopted that language and certainly the US Supreme Court's rulings on finality are not controlling on finality under Illinois law that concept of a court disassociating itself from a case is very much reflected in the three factors that we see within the hardened case but it terminates litigation between the parties that it fixes the rights of the parties and it fixes the rights of the parties such that all that remains is enforcement of the order the July 3 order didn't by its very face terminate the litigation between the parties another hearing date was set and more consideration was needed to be needed to be put in place it furthermore did not fix the rights of the parties only September 21st order did that prior to September 21st order mr. Hernandez didn't know any details of his life he didn't know where he would live what kind of treatment he would receive whether both modalities of treatment that he needed were going to be addressed by the plan the July 3 order may have given the state a good sense of what was to come but a good sense of what is to come is not sufficient to constitute a final order finally significantly more was needed to be that was needed to be in place before the July 3 order could be enforced there was no plan there was no place for mr. Hernandez to live there was no job training set up there was no therapy set up there was no way that he could be released from custody absent the presentation and acceptance of that plan it's significant that absent a total victory a final order is an order that both parties should be able to appeal when a final order is handed down unless one side is has one on every count both sides should be able to look at the order and say I like this aspect I don't like this aspect and be in a situation where they can file appeals and cross appeals if they feel necessary there is nothing in the July 3 or that mr. Hernandez could appeal there's nothing there conversely the September 21st were mr. Hernandez absolutely could appeal conditions of that if he chose to for instance perhaps he would feel that one of the conditions that was placed against him was unconstitutional or was unduly burdensome or perhaps he could feel it's one of the conditions of his treatment wasn't being met he could appeal that the plan wasn't adequate could he appeal that he should that the release should not have been conditional in absence of a conditional release he would have been remanded to the custody of the Department of Human Services so theoretically yes he could have appealed that I think that's unlikely but you bet that yes you know and again both the Second District and the Third District have had cases where parties have made have commented on the plan that was presented in the great in attention of Hayes the Second District or the Second District ruled that the judge can impose goals and objectives and the party has the right to comment on the plan that's presented and in people be Rex wrote the Third District noted that the party had the right to comment on their plan even after the the commitment order was issued but during a periodic review session and in people be Rex wrote the the committee had been re-evaluated as required by the statute during the course of that re-evaluation the evaluator noted that the man could receive better treatment at a different facility and he came to the court and asked to be transferred to that facility the point of the mental health excuse me the point of the sexually violent persons act falls under the mental health code the point of the mental health code is to help people get better to relieve them of the burden that the judgment places on them and to simultaneously protect the state at the same time if someone under the mental health code or in the sexually violent persons act is not receiving the treatment that they need they should not only be encouraged to but they should be required to step up and say I'm not getting the treatment I need I need something more and the state's argument that somehow Mr. Hernandez is deprived of the right to challenge the sexually violent excuse me to challenge the terms of his conditional release are is implausible finally the state cites to in date in Ray DD and in Ray the detention of Lieberman to support the contention its contention that the July 3 order was final these this situation isn't akin to either of those cases in in in Ray DD all that remained was the presentation of a bill to the village of Oak Park to pay for the education of a juvenile delinquent that's all that was left in this case we have significantly more that's left to be decided after the July 3 order in Ray the detention of Lieberman actually undercuts the state's argument because in Ray detention of Lieberman the court's decision said that a final order under the sexually violent Persons Act is an order which either orders confinement or dismissal the proceedings and release this underscores the fact that the court was concerned with an order which would disassociate itself from the case which would end the proceedings which would terminate it even the cons and the concurring justice below justice Miller notes that he would have to twist the notions of finality in order to manufacture jurisdiction in this case assuming this court agrees the second district with the second district the July 3 order was non-final it must then also consider the state's argument that rule 303 should serve as a broad-based safety net for the hunt for an untimely appeal that a party believes is reasonable this argument should be rejected as it is devoid of any legal authority the very best argument the state can pull for this for this is to pull is to pull a quote from first year out of context first year does mention the idea of the appeal ability of a non-final judgment however the case the Supreme Court sites there is Ruby be Secretary of Navy and if we looked at Ruby be Secretary of Navy the holding of that case was a situation the the situation the factual situation for that case was a circumstance where a complaint was dismissed but the cause of action was not dismissed and the Supreme Court noted in Ruby that even then the complaint had to have been dismissed in a manner that it could not be amended before it was appealable so the court did mention the appeal ability of non-final judgments under rule 4a but it mentioned the appeal ability of non-final judgments were which were themselves appealable it did not extend jurisdiction to a situation or to a case where the underlying judgment was in fact not appealable the Supreme Court was very clear when it said in order for rule 4a to to operate it will operate only when a district court announces a case is not appealable if immediately followed by the entry of a written judgment this case isn't even factually on par with that in this case we had an order that was issued orally saying that the the respondent was to be placed on conditional release and setting the hearing date and DHS to present a plan that oral ruling was contemporaneously recorded to writing the state then filed a motion to reconsider the motion to reconsider was denied all while the what about the practicalities counsel there was some discussion of how there would be a stay if the state was allowed to appeal the conditional release before the plan was asserted at a different date somehow protection for the public I understand that your position would be that it would take a an amendment of the from a practical perspective the better practice is to wait until the DHS plan has been presented and approved there's nothing arbitrary about the notion of finality it's been deeply ingrained in our courts history and is in it it serves a good purpose at the point in time the state is aware that mr. Hernandez was likely to receive conditional release we want to encourage the state to be involved and stepping aside from the context of this case we want to encourage all it against to stay involved in the process all the way through the close of the process even if it's going to be a conclusion that they don't like because they can still minimize damages using the sexually violent persons act as an example if the if the parties stay involved they might recognize that a portion of treatment wasn't being recognized wasn't being addressed they might recognize that something what the wrong therapist been appointed they may recognize that the defendant in the case had the maturity of a 12-year-old and maybe he shouldn't be given a cell phone that can number he wants they can recognize things they can modify those plans they can dress the court and say your honor I know the DHS did this but I think we might want to increase the amount of supervision that this person has after the the plan is approved by the court would it be too late for the state to contest wouldn't be too late for the state to contest the fact that the trial judge abused his discretion and ordering conditional release in the first place but it would be would it be too late to prevent a stay of the conditional release itself I don't believe so because in this case the way these cases are going to take place is the court is going to is going to do what it did in this case and it's going to say I'm inclined to grant supervisory or conditional release for this person DHS go present it go prepare a plan there's a 60-day window from the time of that order is issued to the time that DHS has to present the plan at that point the state certainly is on notice that the outcome and they can have their documents prepared and ready to file they can have the notice appeal that they could hand up instantly to the court and they can send something off to the district court saying we'd like to stay the enforcement of this judgment pending a resolution of the appeal finally as to the state's reasonable belief no case has ever turned on whether or not a party's belief in there the order was final was or was not reasonable in the case of lazy oil noted that rule for a to operate only where there was a final decision issued without final judgment in Cooper the court held the courts held that the other appeal from a magistrate courts recommendation to the to the district court was not appealable even though the district court adopted that route that recommendation verbatim and finally in Hanson a pre first-tier case the Seventh Circuit showed that the rule for a to had a very narrow very very specific application and that case wasn't even addressed let alone overturned by the by the court in first year the second district's holding was completely consistent with the text of rule 303 is completely consistent with the text of rule for a it was completely consistent with the federal case law on the subject and therefore it should be affirmed for the foregoing reasons we asked the court to either dismiss this appeal as moot or in the alternative affirm the second district's ruling as the July 3 order was a non-final order and the state's premature appeal cannot be said it served by rule 3 say by rule 303 if there are no further questions from the court we'd respectfully submit mr. mr. Hernandez's case thank you counsel thank you first your honors as to respondents point that argument that no court has applied a safe harbor as broad as the one that the people seek here that's that's not true and and is demonstrated in fact by a case that respondent has relied on lazy oil which was not actually a rule for a to case and it's holding the situation there only some of the claims had been disposed of in the by the disposition excuse me by the decision from which the notice of appeal followed but the court held that because there was notice to both parties of the appeal and that no prejudice was claimed or evident from the record and that because the remaining claims had been dealt with by the time that the appeal reached the appellate court that they would retain jurisdiction and consider the notice of appeal to have matured on on the date of the final judgment and they didn't do that under for a to they did that saying that that nothing about for a to precluded them from from going even further but but courts have have gone further than than the state seats here and in ensuring that the merits of important cases are reached where the usual considerations of narrow jurisdiction are not present also to distinguish this case from Cooper or to look at why Cooper's reading of first year doesn't isn't the same as what the second district did with rule 303 a1 here no judgment could possibly have followed from the magistrates recommendation this is a case where as discussed while the while the statute does call for preparation and approval of the conditional release plan following the dispositional order the court could have issued a judgment following its July 3rd order saying defendant is to be conditionally released in fact the July 3rd order did say defendant is to be conditionally released as the disposition so it did not simply order preparation of the plan and order the defendant's the respondent's transportation it is the only order that specifically held that different than the situation in Cooper where where no judgment could have followed the magistrates recommendation that would have would have constituted a final judgment and the fact that the party has a right to comment on the terms of that conditional release doesn't change the finality of it first again recognizing it's not a perfect analogy but looking at the probation context by motion of the defendant or by motion of probation officer or by the court's own action terms of probation are subject to review even after final and appealable order has been issued in that case and in in Ray Dede the court's reasoning and holding in that case made clear that that that the order directing the school district to pay was the final appealable order even though the terms were subject to modification but because that was the order that adjudicated the rights that were at stake in the trial that was viewed as the final and appealable order a final point related to the question of the need for guidance from this court and and the public interest exception to the mootness doctrine it's been suggested that there's no conflict in this area and that this indeed the second district's opinion in this case would would sort of serve as the the guidance should this court not not express its view on whether or not a commitment order even one that grants conditional release is final under section 40 of the SVP Act but of course is this court held for example in Fels Act which is a case that respondent relies on a finding of mootness will render the district court of the appellate court will vacate excuse me the district court decision below so we wouldn't have the guidance from the second district in place at that point and furthermore if the state were to rely on on the second district's holding in in say you know fourth district case and wait until approval of the and at that point the fourth district in this court were to agree with the position that the state now takes the state might be prohibited or blocked from appealing that case by filing a late notice of appeal so until this court has provided clear instruction when when this this court has held that when facts render an appeal moot prior to review by a higher court that because the party was deprived the opportunity for to have that judgment reviewed that the judgment below is vacated Fels Act I believe is a you know one case that that made that holding that was cited in the briefs and in this case it wasn't an issue that was explicitly discussed in the briefing but but that's been this court's consistent position I believe you have any quarrel with mr. mcmire's answer with respect to the practicalities of a stay after the approval I think it is a safer practice to allow proceedings to be and the more efficient practice to allow proceedings to be stayed prior to approval of the conditional release plan for two reasons one is as the court recognized in this case the the difficulty in preparing and and the use of resources necessary in preparing a conditional release plan particularly in the kind of case where the disposition of conditional release is that issue between the parties on appeal and two is that once a conditional release plan is issued or is approved the state might have to act in an emergency manner to stay stay defendants release and then a respondents release and the risk where conditional release has been granted so erroneously is to constitute abusive discretion the risk to the public of allowing the conditional release of a respondent under those circumstances is so high that the safer practice of allowing the state to stay proceedings before the plan is prepared both for in conclusion honors the trial court here discharged a sexually violent person even though the evidence overwhelmingly established that he required specialized treatment and that error should not have evaded review in this case the people argue that the section 40 commitment order was final but but even if the people incorrectly appealed from that order the notice of appeal should relate forward because the concerns that normally underlie narrow jurisdictional rules weren't present here and shouldn't prohibit the appellate courts under those circumstances from reaching the merits of such an important case and for these reasons as well as those stated in the people's briefs the people respectfully request that this court hold that the appellate court did have jurisdiction to consider the merits of the people's appeal to that court there no further questions thank you your honor case number 108 824 in rated commitment of Benjamin Hernandez people versus Benjamin Hernandez